(No. 3087— ▆▆▆▆▆▆▆▆▆▆▆▆▆▆)

ALFRED W. EVANS, ADMINISTRATOR OF THE ESTATE OF WILLIAM B. EVANS, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

*Rehearing allowed February 13, 1941.*

HOMER D. McLAREN, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

A rehearing was granted in this case, the case having been formerly decided by a divided court.

Claimant's intestate filed a complaint in this court seeking an award in compensation for injuries alleged to have been sustained in the course of his employment as a janitor-custodian in the office of the Attorney General.

The facts have been stipulated.

At the time of the injury claimant's intestate had no children under sixteen years of age, and for more than one year preceding the date of the injury had been employed as a janitor-custodian in the Attorney General's office at a wage of $112.50 per month. On October 16, 1936, while engaged in his usual work of cleaning up the office quarters he reached over a chair to turn off an electric fan and in so doing he tripped on the chair and his left hand was thrust into the fan, breaking the bones of the first joint of the third finger, bruising the bones of the second and third fingers, tearing the ligaments of both fingers and lacerating them.

The Attorney General had immediate notice of the injury, and in the treatment of this injury claimant's intestate incurred and paid medical and hospital bills in the total sum of $42.00. Claimant paid Dr. J. E. Reisch the sum of $37.00 and paid St. John's Hospital the sum of $5.00. The respondent did not pay any of either bill.

The stipulation further stated that if Dr. J. E. Reisch, the attending physician and surgeon, was called as a witness he would testify that as a result of said injuries there is a ten per cent limitation of flexion in the second joint of the second finger of the left hand and a twenty-five per cent limitation of flexion in the first joint of the third finger of said hand, and a tendon shortening in the palmer surface of the first joint of the third finger of said hand. The stipulation went further and stated that claimant's intestate had suffered a fifty per cent permanent disability or loss of use of both the second and third fingers of the left hand. No claim was made for temporary incapacity. Apparently he lost no time from work and was paid his regular salary after the injury.

The Attorney General's office quarters, where claimant worked and where he was injured, are located in the Supreme Court Building, Springfield, Illinois. These office quarters occupy the east portion of the ground floor and basement of the building. There is an electrically powered elevator in the building for the general use of all who have business in the building, but it was not operated by claimant's intestate. There is another electrically powered elevator located in the east end of the building in the quarters of the Attorney General, which is operated by anyone having occasion to use that elevator, and the office quarters were equipped with the usual fans for use during the warm months, and electric water coolers.

Claimant's intestate operated the last mentioned elevator in transporting supplies from the basement to the Attorney General's office, and otherwise in the performance of his duties, and upon consideration of all of the facts in the record we are of the opinion that at the time of the accident in question claimant's intestate and the respondent were both operating under and bound by the provisions of the Workmen's Compensation Act.

We therefore hold that claimant's intestate received an injury that arose out of and in the course of his employment,

and make an award to the claimant, Alfred W. Evans, Administrator of the Estate of William B. Evans, deceased, as follows:

For the specific loss of 50% use of second finger..................... $227.15
For the specific loss of 50% use of third finger..................... 162.25
For medical and hospital bills.................................... 42.00,

or a total sum of $431.40.

This award, being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof" (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Fund in the manner provided by the foregoing Acts.